IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IMANI S. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>　　　　Defendant. | Case No. 1:21-cv-04667 |

**NOW COMES** Imani S. Williams ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of IQ Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2.　Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.　Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4.　Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial part of the events or omissions occurred in the Northern District of Illinois.

### PARTIES

5.　Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided

in Chicago, Illinois.

6. Defendant is a business entity debt collector engaged in the collection of debts owed to others within the State of Illinois. Defendant is incorporated in the State of Washington.

7. The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In or around June 2020, Plaintiff moved into an apartment at Pangea Apartments ("Pangea") in Chicago, Illinois.

9. Due to severely poor conditions in her apartment, including sunken ceilings and significant water damage to her bedroom and bathroom, Plaintiff refused to pay rent for the months that this issue persisted.

10. When these damages occurred in Plaintiff's apartment, she notified the property manager and requested to be transferred to a different apartment.

11. Unfortunately, Plaintiff was unemployed at the time and was unable to show proof of employment, so the property manager declined her transfer request.

12. The property manager then requested that Plaintiff fill out a legal relief form (which she did); the property manager then provided her with a letter stating that Plaintiff was released from responsibility on any remaining rent amount.

13. Unfortunately, Pangea failed to honor its release and sent the alleged defaulted debt to Defendant for collections.

14. On August 17, 2021, Plaintiff began receiving phone calls from Defendant attempting to collect an alleged debt in the amount of $2,914.70 ("alleged debt").

15. During this phone call, Plaintiff advised Defendant that Pangea had released her

of any liability for the remaining rent owed on her lease.

16. On August 18, 2021, Plaintiff received another phone call from Defendant attempting to collect on the alleged debt despite Plaintiff advising that she does not owe the debt.

17. Defendant's representative was extremely rude, implying that Plaintiff was a liar and that Plaintiff stating she does not owe the alleged debt "is all theater."

18. Due to Defendant's aggressive debt collection practices, Plaintiff sought counsel and has incurred attorney's fees.

## DAMAGES

19. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

### a. Violations of FDCPA §1692d

28. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

29. Section 16921d(2) of the FDCPA prohibits a debt collector from "the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. §1692d(2).

30. Defendant violated §§1692d and d(2) by using abusive language toward Plaintiff during the August 18, 2021 phone call.

31. Specifically, Defendant implied that Plaintiff was a liar and that Plaintiff's claims that she did not owe the alleged debt were "theater."

### b. Violations of FDCPA §1692f

32. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

33. Defendant violated §1692f by using unfair and unconscionable means in an attempt to collect the alleged debt.

34. Specifically, Defendant attempted to coerce Plaintiff into making payment on a debt that she did not owe.

35. Moreover, in this collection attempt, Defendant used language that had the effect of abusing or oppressing Plaintiff, hoping to belittle her into making a payment on the alleged debt.

**WHEREFORE**, Plaintiff, IMANI WILLIAMS, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

### Count II - Illinois Consumer Fraud and Deceptive Business Practices Act

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

38. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

39. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

40. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

   a. **Unfairness and Deception**

41. It was unfair for Defendant to attempt to collect a debt not owed by Plaintiff.

42. Defendant's attempts to coerce Plaintiff into paying a debt that she did not owe, coupled with the abusive and oppressive nature of Defendant's representative toward Plaintiff rise to the level of unfairness and deception.

43. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

44. Upon information and belief, Defendant systematically places harassing or oppressive phone calls to consumers in Illinois in order to aggressively collect debts.

45. Upon information and belief, using abusive or oppressive language in phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

46. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

**WHEREFORE,** Plaintiff, IMANI WILLIAMS, respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from placing further violating calls to Plaintiff;
   c. Award Plaintiff actual damages in an amount to be determined at trial;
   d. Award Plaintiff punitive damages in an amount to be determined at trial;
   e. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   f. Any further relief as this Honorable Court deems just and proper.

Dated: August 31, 2021

| | |
|---|---|
| **Plaintiff demands trial by jury.** | /s/ Jennifer A. McLaughlin |
| | Jennifer Ann McLaughlin, Esq. |
| | *Counsel for Plaintiff* |
| | Sulaiman Law Group, Ltd |
| | 2500 South Highland Avenue |
| | Suite 200 |
| | Lombard, IL 60148 |
| | Telephone: (630) 581-5450 |
| | jmclaughlin@sulaimanlaw.com |